## 210
## CLEVELAND (City) v. KELLY

Ohio Court of Appeals, Cuyahoga County
No. 4169. Feb. 5, 1923

This opinion has not been published except in Abstract

NEGLIGENCE—(1) Operating automobile at night as contributory negligence—(2) Failure to properly light obstructions in public highway—(3) Error in charge to jury concerning—(4) Policy of reviewing court when evidence is conflicting.

SULLIVAN, P. J.:
### Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

Kelly sued to recover damages sustained when the automobile he was driving collided with an abutment maintained by the city at the subway approach to the High Level bridge on W. 25th street in Cleveland. Kelly claimed that the city negligently placed and maintained the light at the approach to the subway, so that he was misled as to the location of said abutment. The city claims that Kelly was guilty of contributory negligence in driving at such a rate of speed in the darkness that he was unable to stop his car in the distance covered by his vision. The city claims that the lower court erred in refusing to direct a verdict for the city at the close of the evidence in the case, and that the verdict was against the weight of evidence. Held by Court of Appeals in affirming a judgment for Kelly:

1. Although many other jurisdictions hold the reverse the rule in Ohio provides that one who drives his automobile at such a rate of speed that he would be unable to stop within the range of his vision is not, for that reason alone, guilty of contributory negligence. To hold otherwise would result in absurdity, since if the darkness were such that the driver was unable to see further than the front of his machine, he would be prevented from driving his machine at all.

2. Failure of a city to properly light an obstruction in a highway is negligence and the determination of whether the light were improper is a question for the jury.

3. When every phase of the case was submitted to the jury in language drawn by the defendant, and the jury returned a verdict for the plaintff, the court properly refused to direct a verdict for the defendant.

4. The court reasserts its policy of refusing to disturb a verdict not manifestly against the weight of the evidence.

**Attorneys**—J. P. Lamb, E. P. Westenhaver and R. T. Miller, for City; Prayer, Winch, Minshall & Karsh, for Kelly.

## 211
## BLACK v. EAST CLEVELAND

Ohio Court of Appeals, Cuyahoga County
No. 4041. Nov. 20, 1922

This opinion has not been published except in Abstract.

LIABILITY OF MUNICIPALITY—(1) Acceptance of dedicated property—(2) Contributory negligence in using a sidewalk known by user to be dangerous.

SULLIVAN, J.:
### Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

Black sustained injuries from a fall on a certain sidewalk and the question of recovery of damages by Black hinges on whether or not the sidewalk had been accepted by the city of East Cleveland, after dedication by private property owners. Bolton and Chambers, the said property owners, in 1899, attempted to dedicate to public use certain property in East Cleveland. The village council passed an ordinance accepting part of the property but no mention was made in the ordinance of a five foot sidewalk, which is the same sidewalk referred to above. There is no proof that the sidewalk has since been accepted althtough the street commissioner, on several occasions. made certain repairs on the said sidewalk. These repairs seem to have been made at the request of adjoining property owners and without the authority of the city council. The evidence shows that Black knew of the dangerous condition of the sidewalk but used it notwithstanding. Held by the Court of Appeals affirming a verdict for the city:

1. A city is not responsible for injuries sustained by an individual, on a sidewalk never accepted as a gift by the city, and not owned by the city. The acceptance of property attempted to be dedicated must be by ordinance, or certain acts subsequent to the dedication, of which the city council had notice or knowledge. Indifference by the council or exclusion from the ordinance of acceptance, of certain property, is rejection of such excluded property.

One who, with knowledge of a defect or obstruction in a city street, voluntarily assumes the risk and ventures upon the obstruction, cannot make the city responsible in damages.

**Attorneys**—T. H. Bushnell, for Black; R. A. Binyon. for the city.